1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN H. SMITH,

11          Plaintiff,                    No. CIV S-07-0628 MCE GGH PS

12      vs.

13   SACRAMENTO UNIFIED SCHOOL              <u>ORDER</u>
     DISTRICT,
14
            Defendant.
15   _____/

16          Previously pending on this court's law and motion calendar for September 27,

17   2007, were defendant's motions to dismiss, strike and for more definite statement, and plaintiff's

18   request for leave to file an amended complaint.  On September 21, 2007, the court vacated the

19   hearing and submitted the matter for decision on the papers.  Plaintiff, who proceeds in pro se,

20   has responded with a request for leave to amend his complaint.  For the reasons that follow,

21   plaintiff will be accorded thirty days within which to amend his complaint.

22   <u>BACKGROUND</u>

23          On April 2, 2007, plaintiff filed the instant complaint and paid the filing fee.  On

24   August 7, 2007, this court ordered plaintiff to show cause why he had not timely served process

25   upon defendant.  Plaintiff timely responded that the individual upon whom he had relied to assist

26   him in the preparation of this case had been seriously ill and filed a proof of service dated August

1

1   2, 2007.  The court discharged the order to show cause.

2          The complaint and additional documents attached to the complaint and motion to

3   dismiss establish the following facts:[1]  On April 3, 1999, plaintiff commenced employment with

4   defendant as a "substitute custodian."  This position included undisclosed "benefits" in addition

5   to an hourly wage of $12.20.

6          Plaintiff worked at this job until January 13, 2003, when he sustained a work-

7   related injury to the rotator cuff of his left shoulder.  Plaintiff stated to the California Department

8   of Fair Employment and Housing that his injury "was subsequently diagnosed as an unrepairable

9   rotator cuff injury" resulting in the loss of strength and flexibility in plaintiff's left arm and

10  rendering him unable to lift his arm above shoulder height or lift more than 25 pounds, thus

11  limiting his ability to engage in "a number of major life activities."  Plaintiff's DFEH Complaint,

12  attached to Defendant's Motion to Dismiss.

13         Plaintiff filed a workers' compensation claim which apparently met his interim

14  income and medical needs.

15         On May 4, 2005, the alleged date of discrimination challenged by plaintiff in this

16  action, plaintiff requested of his former supervisor, Fred Fuentes, defendant's Custodial

17  Operations Supervisor, that plaintiff be placed back on the substitute custodian list.  Mr. Fuentes

18  reportedly told plaintiff he would only "hurt himself further" if made a custodian and Mr.

19  Fuentes would place plaintiff only on the substitute clerk list.

20         On May 23, 2005, plaintiff's doctor, Dr. Stephen Weber, released plaintiff to work

21  "without restrictions."[2]  On October 4, 2005, defendant, through its Risk Management Analyst,

22  Barbara Palaca, confirmed plaintiff's medical release from Dr. Weber.  On October 17, defendant

23  sent plaintiff for a fitness duty examination with a workers compensation physician, Dr. John

24  _____

25  [1]  Because the court is granting plaintiff leave to amend his complaint, it has looked beyond the contents of the present complaint to understand the details of plaintiff's action.

26  [2]  The court is unclear as to the parameter's of Dr. Weber's release.

Agnew.  On October 20, 2005, plaintiff met with Ms. Palaca to request "light duty substitute custodial work," and was told "words to the effect" that "modified duty is not available because plaintiff was a substitute when he worked for the District," and "The District has nothing available to you because you were a substitute and did not pay into the Long-Term Disability Plan."  Complaint, at p. 3.

On August 11, 2006, plaintiff filed an amended complaint with the California Department of Fair Employment and Housing (DFEH), and U.S. Equal Employment Opportunity Commission ("EEOC") (hereafter referred to jointly as plaintiff's "EEOC claim"), alleging discrimination on the basis of "disability" and "other."  In addition to the allegations set forth above, plaintiff asserted "[t]here are a number of reasonable accommodations available that would have allowed me to perform the essential functions of a custodian without endangering my health and safety or the health and safety of others and would not represent an undue hardship."  Plaintiff's DFEH Complaint, attached to Defendant's Motion to Dismiss.

On January 12, 2007, the EEOC denied plaintiff's claim ("adopting the findings of the state or local agency" (not provided to this court)), and informed plaintiff he had 90 days within which to file a court action.

On April 2, 2007, plaintiff timely filed the instant complaint and paid the filing fee.  The complaint alleges three causes of action, all referencing a general claim under Title VII.  The first cause of action asserts discrimination based only on Title VII; the second and third causes of action both assert violations of Title VII, the Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA"); the introductory statement asserts an additional claim under the Age Discrimination in Employment Act ("ADEA").

Defendant seeks dismissal of the complaint based on (1) plaintiff's failure to demonstrate reasonable and diligent efforts to serve process upon defendant within 120 days, pursuant to Fed. R. Civ. P. 4(m) (Fed. R. Civ. P. 12(b)(5) (insufficiency of service of process); or, alternatively,  (2) plaintiff's failure to state a claim (Fed. R. Civ. P. 12(b)(6) (failure to state

1  claim)).  Defendant seeks, as a further alternative, an order striking plaintiff's Title VII claims

2  (Fed. R. Civ. P. 12(f) (motion to strike)) and permitting plaintiff an opportunity to more clearly

3  articulate his remaining claims (Fed. R. Civ. P. 12(e) (motion for more definite statement)).

4  DISCUSSION

5      A.  Service of Process and of Opposition

6          Defendant first seeks dismissal of plaintiff's complaint for insufficiency of service

7  of process.  Fed. R. Civ. P. 12(b)(5).  For the reasons set forth in this court's September 4, 2007

8  order, plaintiff has demonstrated good cause for his failure timely to serve process and the court

9  has already extended the time for such service.  Fed. R. Civ. P. 4(m).

10          Defendant nonetheless asks the court to note plaintiff's untimely service upon

11  defendant of his opposition to the instant motion as further evidence of plaintiff's lack of

12  diligence in complying with the federal rules.[3]  Specifically, defendant informs the court that

13  plaintiff served his opposition by mail one day late, post-marked September 11, 2007.  Plaintiff

14  responds that he prepared his opposition and proof of service on September 7, placed his

15  opposition in the mail receptacle on September 8, and personally filed a copy with the court on

16  September 10 (consistent with the docket).  Plaintiff also states that he is elderly, cannot afford

17  legal counsel, and is proceeding in pro se to the best of his ability.

18          The court finds the one-day delay in service of plaintiff's opposition attributable

19  to plaintiff's excusable neglect and accordingly grants a one-day enlargement of time.  See Fed.

20  R. Civ. P. 6(b)(2) (extension of time after expiration of specified period due to excusable

21  neglect).  Plaintiff is again reminded, however, that despite his pro se status he must adhere to the

22  federal and local rules.  See E. D. Cal. L. R. 83-183(a) ("Any individual representing himself or

23  herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by

24

25          [3]  See E. D. Cal. L. R. 78-230(c), providing in pertinent part, "Opposition shall be
   accompanied by proof of personal service on opposing counsel not less than fourteen (14) days
   preceding the hearing date or by proof of mailed or electronic service not less than seventeen (17)
26  days preceding the hearing date."

1   these Local Rules.  Failure to comply therewith may be ground for dismissal, judgment by

2   default, or any other sanction appropriate under these Rules.").

3      Accordingly, defendant's motion to dismiss the complaint for insufficiency of

4   service of process is denied.

5     B.  Sufficiency of Claims

6      1.  Legal Standards

7      Dismissal under Rule 12(b)(6) may be based either on the lack of cognizable legal

8   theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v.

9   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

10     The complaint's factual allegations are accepted as true.  Church of Scientology of

11  California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light

12  most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business,

13  Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to

14  include specific facts necessary to support the claim, quoting Lujan v. Defenders of Wildlife, 504

15  U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).  Conclusions or uninformative cryptic statements in

16  the complaint will not suffice:

17     While a complaint attacked by a Rule 12(b)(6) motion to dismiss
   does not need detailed factual allegations, ibid.; Sanjuan v.
18     American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251
   (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of
19     his "entitle[ment] to relief" requires more than labels and
   conclusions, and a formulaic recitation of the elements of a cause
20     of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
   S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts
21     "are not bound to accept as true a legal conclusion couched as a
   factual allegation").  Factual allegations must be enough to raise a
22     right to relief above the speculative level, see 5 C. Wright & A.
   Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d
23     ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must
   contain something more ... than ... a statement of facts that merely
24     creates a suspicion [of] a legally cognizable right of action")....

25  Bell Atlantic Corp. v. Twombly, __U.S.__, 127 S. Ct. 1955, 1964-1965 (2007).

26  \\\\\

            5

1    The court may disregard allegations contradicted by the complaint's attached

2    exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

3    Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

4    accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

5    Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

6    record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

7    Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria

8    Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991).  "The court

9    is not required to accept legal conclusions cast in the form of factual allegations if those

10   conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness

11   Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

12   unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

13   Cir. 1981).

14          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

15   Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no

16   amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

17   the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en

18   banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

19          2. Title VII

20          Defendant correctly asserts that Title VII is inapplicable to this action.  Title VII

21   of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment

22   practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to

23   discriminate against any individual with respect to his compensation, terms, conditions, or

24   privileges of employment, because of such individual's *race, color, religion, sex, or national*

25   *origin*."  Id., § 2000e-2(a)(1) (emphasis added).  Discrimination on the basis of disability is not

26   cognizable under Title VII, and plaintiff does not – and did not in his EEOC claim – allege

1  discrimination on the basis of race, color, religion, sex or national origin.  Accordingly, plaintiff

2  does not state a claim under Title VII.

3          3.  Americans with Disabilities Act

4          Plaintiff does, however, state a claim under Title I of the Americans with

5  Disabilities Act ("ADA"), enacted in 1990, 42 U.S.C. §§ 12101 et seq., which precludes

6  discrimination by an employer against "a qualified individual with a disability because of the

7  disability."[4]  Id., § 12112(a).  The ADA defines "qualified individual with a disability" as an

8  "individual with a disability who, with or without reasonable accommodation, can perform the

9  essential functions of the employment position that such individual holds or desires."  42 U.S.C.

10  § 12111(8).  "In order to prevail on an employment termination [or refusal to hire] claim under

11  the ADA, a plaintiff must establish:  (1) that he is a disabled person within the meaning of the

12  ADA;  (2) that he is qualified, that is, with or without reasonable accommodation (which he must

13  describe), he is able to perform the essential functions of the job; and (3) that the employer

14  terminated [or refused to hire] him because of his disability.  A plaintiff bears the burden of

15  demonstrating that []he can perform the essential functions of [his] job with or without

16  reasonable accommodation."  Kennedy v. Applause, 90 F.3d 1477, 1481 (9th Cir. 1996) (internal

17  citations and fn. omitted).

18          Plaintiff alleges his left shoulder disability is "unrepairable," resulting in

19  diminished strength and flexibility in his left arm, specifically, that he cannot lift his arm above

20  shoulder height or lift more than 25 pounds, but that he can nonetheless perform the essential job

21  functions of defendant's substitute custodian position with reasonable accommodations.  These

22

23          [4] .  "The ADA does not define 'substantially limits,' but 'substantially' suggests
   'considerable' or 'specified to a large degree.'"  Sutton v. United Air Lines, Inc., 527 U.S. 471,
24  491 (1999).  "[T]o be substantially limited in performing manual tasks, an individual must have
   an impairment that prevents or severely restricts the individual from doing activities that are of
25  central importance to most people's daily lives.  The impairment's impact must also be
   permanent or long term."  Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198
26  (2002) (citing 29 C.F.R. §§ 1630.2(j)(2)(ii)-(iii)).

allegations satisfy the ADA's prima facie requirements that plaintiff has, and has a record of

having, a physical impairment that may substantially limit major life activities (or plaintiff's

impairment was incorrectly regarded by defendant as creating limitations greater than actually

experienced by plaintiff), and that plaintiff can perform the essential functions of the substitute

custodian position with reasonable accommodations that do not impose undue hardship on

defendant.  See 29 C.F.R. § 1630.2.[5]

---

[5] The ADA's implementing regulations provide in pertinent part (29 C.F.R. § 1630.2 (emphasis added)):

. . . (g) **Disability means**, with respect to an individual--
(1) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(2) A record of such an impairment; or
(3) Being regarded as having such an impairment.

. . . (h) **Physical . . . impairment means**:
(1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal . . .

. . . (i) **Major Life Activities means** functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

. . . (j)(1) The term **substantially limits means**:
(i) Unable to perform a major life activity that the average person in the general population can perform; or
(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

. . . (m) **Qualified individual with a disability means** an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.

. . . (n) . . . The term **essential functions means** the fundamental job duties of the employment position the individual with a disability holds or desires. The term "essential functions" does not include the marginal functions of the position.

. . . (o) Reasonable accommodation.
(1) The term **reasonable accommodation means**:
(i) Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or
(ii) Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified

1    Plaintiff has established federal subject matter jurisdiction of his ADA claim by

2    demonstrating exhaustion of his EEOC administrative remedies before he timely filed this action.

3    See 42 U.S.C.A. § 12117, incorporating the filing requirements of, inter alia, 42 U.S.C. § 2000e-

4    5(f); see also, e.g., Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir.1990).

5    4.   California Fair Employment and Housing Act and Federal Rehabilitation Act

6    Plaintiff also states a claim under the California Fair Employment and Housing

7    Act ("FEHA"), Cal. Govt. Code § 12900 et seq., which, in pertinent part, makes it an unlawful

8    employment practice, "unless based upon a bona fide occupational qualification," for an

9    employer to refuse to hire an individual with a physical disability, due to the physical disability,

10   unless such disability renders the individual unable to perform the essential duties of the position

11   even with reasonable accommodations or the manner of the individual's performance would

12   endanger his health or safety or the health or safety of others." Id., § 12940(a)(1).

13   Like the ADA, "FEHA provides an administrative scheme to process claims of

14   employment . . . discrimination.  The statute creates two administrative bodies – the Department

15   of Fair Employment and Housing, Cal. Gov't Code § 12901, and the Fair Employment and

16   Housing Commission, id. § 12903 – to investigate, adjudicate, and redress discrimination claims,

17   id. §§ 12930, 12935.  FEHA requires that an aggrieved claimant exhaust the administrative

18   remedies provided by those bodies before filing an action in state or federal court.  Id. §§

19   12960-12976."  Bass v. County of Butte, 458 F.3d 978, 982 (9th Cir. 2006).  Plaintiff has met

20   this requirement.

21   Plaintiff's ADA claim also supports a claim under Section 504 of the

22   Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., which bars discrimination on the basis of

23   disability "under any program or activity receiving federal financial assistance."  29 U.S.C. §

24

25   individual with a disability to perform the essential functions of that position; or
     (iii) Modifications or adjustments that enable a covered entity's employee with a disability to
     enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated

26   employees without disabilities.

1   794(a).  Presumably defendant school district receives some form of federal financial assistance.

2           5.  Age Discrimination and Employment Act

3           Plaintiff asserts only generally in the preface to his complaint a claim under the

4   Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  The ADEA makes

5   it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise

6   discriminate against any individual with respect to his compensation, terms, conditions, or

7   privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  This

8   prohibition applies to "individuals who are at least 40 years of age."  29 U.S.C. § 631(a).[6]

9   Plaintiff does not state his age other than "elderly."

10          To pursue an ADEA claim in federal court, a plaintiff must first file a timely

11  administrative charge with the EEOC.  29 U.S.C. § 626 (d).  Further, "the jurisdictional scope of

12  a Title VII claimant's court action depends upon the scope of both the EEOC charge and the

13  EEOC investigation."  Sosa v. Hiraoka, 920 F.2d at 1456 (citing Green v. Los Angeles County

14  Superintendent of Schools, 883 F.2d 1472, 1476 (9th Cir.1989)).  A theory or claim of

15  discrimination not included in the EEOC charge may not be considered by a federal court unless

16  it is "'like or reasonably related to the allegations contained in the EEOC charge .'"  Brown v.

17  Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir.1984) ( quoting

18  Oubichon v. Northern American Rockwell Corporation, 482 F.2d 569, 571 (9th Cir.1973)).

19          Review of plaintiff's EEOC charge demonstrates that plaintiff did not assert

20  discrimination based on "age."  Plaintiff checked the boxes designating discrimination based on

21  "disability" and "other" (without further explanation), but did not check the box designated

22  "age."  Nor does plaintiff's EEOC charge narrative mention discrimination based on age, only on

23

24       [6]  "To establish a prima facie case of age discrimination through circumstantial evidence, the plaintiff must show that he was:  (1) a member of a protected class [age 40 or older]; (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications."  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir.1996).

25

26

disability.  Plaintiff has made no attempt to explain his general assertion of an age discrimination claim in this court, although the court does not have any evidence of EEOC's investigation or the reasoning underlying its final decision.  Accordingly, absent further pertinent information regarding the EEOC proceedings, the court concludes that plaintiff did not exhaust his administrative remedies with respect to his discrimination claim based on age, and may not, therefore, pursue the claim in this court.

Accordingly, defendant's motion to dismiss the complaint will be granted and plaintiff will be granted leave to file an amended complaint striking his Title VII claims, as well as his ADEA claims (absent demonstration of administrative exhaustion), and clarifying his remaining claims under the ADA, FEHA and Rehabilitation Act.

C.  Leave to File Amended Complaint

For the foregoing reasons, plaintiff shall be granted leave to file an amended complaint. Fed. R. Civ. P. 15(a).  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  E. D. Cal. L. R. 15-220 (amended complaint be complete in itself).  Once plaintiff files an amended complaint, the original no longer serves any function.  The amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants,  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

In his amended complaint, plaintiff shall clearly set forth the court's jurisdiction, Fed. R. Civ. P. 8(a), and demonstrate how the conduct complained of has resulted in an alleged deprivation of each of plaintiff's asserted federal and pendant state rights, see, e.g., Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff shall attach all pertinent administrative filings and rulings.

\\\\\

1  CONCLUSION

2          In accordance with the above, IT IS HEREBY ORDERED that:

3      1.   Defendant's motion to dismiss the complaint is granted; defendant's motions to

4           strike and for more definite statement are also granted; and

5      2.   Plaintiff's request for leave to file an amended complaint is granted; plaintiff shall

6           serve and file, within thirty (30) days of service of this order, a First Amended

7           Complaint that complies with the requirements of this order, the Federal Rules of

8           Civil Procedure and Local Rules; the amended complaint must bear the docket

9           number assigned this case and must be labeled "Amended Complaint;" failure to

10          file an amended complaint in accordance with these requirements may result in a

11          recommendation this action be dismissed.

12  DATED: 11/9/07

13                                          /s/ Gregory G. Hollows
                                          _____
14                                          GREGORY G. HOLLOWS
                                          U. S. MAGISTRATE JUDGE

15  GGH5:smith628.ord.II

16

17

18

19

20

21

22

23

24

25

26